**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL ROSKIND,

        Appellant,

     v.

DEPARTMENT OF HOMELAND
   SECURITY,

        Agency.

DOCKET NUMBER
DC-1221-22-0230-W-1

DATE:  February 20, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sara Furlow, Esquire, Daniel Meyer, Esquire, and Lachlan McKinion,
   Esquire, Washington, D.C., for the appellant.

William Parker, Esquire, Washington, D.C., for the agency.

Michelle McCluer, Esquire, and Angela Williams, Arlington, Virginia,
   for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied corrective action in his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant proved that he engaged in protected activity, we AFFIRM the initial decision.

**BACKGROUND**

The appellant is a GS-15 employee with the Department of Homeland Security's Cybersecurity and Infrastructure Security Agency (CISA). Initial Appeal File (IAF), Tab 1 at 3. On February 9, 2022, the appellant filed this IRA appeal with the Board. *Id.* In his pleadings before the administrative judge, he alleged that he made 31 protected disclosures between February 23, 2017, and July 15, 2021, and that the agency took 16 personnel actions between March 14, 2018, and May 15, 2021, in retaliation for said disclosures. IAF, Tab 8 at 10-23. Although his alleged disclosures included various matters, his disclosures in 2017 generally concerned a colleague's unauthorized absences from work, and his later disclosures, beginning in 2020, generally concerned the

agency's fraudulent use of a direct-hire authority (DHA) to hire six unqualified individuals and pay them a recruitment and retention incentive to which they were not entitled. *Id.* at 10-15, 129-30. He also allegedly disclosed that the agency's hiring actions discriminated against veterans and minorities. *Id.*

After holding the requested hearing, the administrative judge issued an initial decision on December 1, 2023, denying corrective action. IAF, Tab 47, Initial Decision (ID). The administrative judge found that, of the allegedly protected disclosures exhausted with the Office of Special Counsel (OSC), the appellant did not prove that he made a disclosure that he reasonably believed evidenced a category of wrongdoing listed under 5 U.S.C. § 2302(b)(8)(A). ID at 10-34, 40. Thus, she concluded that the appellant did not prove that he made a disclosure protected under the Whistleblower Protection Enhancement Act of 2012 (WPEA). *Id.* She also found that the appellant's complaints made to the agency's Office of Inspector General (OIG), the agency's Internal Affairs Division (IAD), or other agency components did not rise to the level of whistleblowing, and she further noted that his complaints of discrimination were not protected under the WPEA. ID at 14-15, 24, 28, 33. Nevertheless, she made alternative findings to the extent that any of the appellant's complaints to the OIG or other agency components constituted protected whistleblower activity. ID at 34-40. Specifically, she found that the agency proved by clear and convincing evidence that it would have issued him a management-directed reassignment in March 2018, i.e., the first personnel action alleged by the appellant, absent any protected disclosure or activity. ID at 34-36. Concerning the remaining personnel actions alleged by the appellant, she found that the appellant either did not prove that the agency's actions constituted personnel actions within the meaning of 5 U.S.C. § 2302(a)(2)(A) or that he did not prove that he exhausted these alleged personnel actions with OSC. ID at 37-40.

**DISCUSSION OF ARGUMENTS ON REVIEW**

The appellant raises various arguments on petition for review. Petition for Review (PFR) File, Tabs 1, 4. Among other things, he argues that the administrative judge erred by failing to conduct a proper analysis of whether he engaged in protected activity under 5 U.S.C. § 2302(b)(9), which he argues does not require a reasonable belief in a category of wrongdoing listed in section 2302(b)(8)(A). PFR File, Tab 1 at 4, 10-11. We agree.

We modify the initial decision to find that the appellant proved that he engaged in protected activity.

Under 5 U.S.C. § 2302(b)(9)(C), "cooperating with or disclosing information to the Inspector General . . . of an agency, or the Special Counsel" is protected activity—irrespective of whether an individual had a reasonable belief that he was disclosing wrongdoing. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 62. Furthermore, as of December 12, 2017, cooperating or disclosing information to "any . . . component responsible for internal investigations or review" is also protected under section 2302(b)(9)(C). *Id.*, ¶ 62 n.22; *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 29-33, *aff'd*, No. 22-1967 (Fed. Cir. July 7, 2023). Such complaints are protected regardless of their content. *Pridgen*, 2022 MSPB 31, ¶ 62. Accordingly, we find that the appellant engaged in protected activity by filing a complaint with the agency's OIG concerning his colleague's alleged timecard fraud on April 14, 2017. IAF, Tab 8 at 10 (disclosure #3), 31, 142.[2] Furthermore, we find that the appellant engaged in protected activity by disclosing information to the agency's OIG and IAD[3] concerning hiring fraud and a discriminatory impact on veterans and

---

[2] As noted in the initial decision, the agency stipulated at the hearing that the appellant filed this complaint. ID at 12; *see* IAF, Tab 44-5, Hearing Recording (HR).

[3] We find that the IAD was an agency component responsible for internal investigations or review as described under section 2302(b)(9)(C), as demonstrated by its acceptance of the appellant's formal complaints and its subsequent investigation. IAF, Tab 10 at 118-30.

minorities. IAF, Tab 8 at 11-12, 146-49, 174-87, 237-44, Tab 33 at 72-76. His protected activity includes, but is not limited to, the following: a February 4, 2020 complaint to OIG, IAF, Tab 8 at 11 (disclosure #5), Tab 33 at 72-76; February 18 and 19, 2020 emails to the IAD, IAF, Tab 8 at 11 (disclosure #6), 146-49; a sworn statement to IAD on March 18, 2020, *id.* at 12 (disclosure #9), 174-87; and a second sworn statement to IAD on May 11, 2020, *id.* at 12 (disclosure #10), 237-44.[4] Furthermore, we find that OSC's letter to the appellant notifying him of the closure of its inquiry into his allegations, which expressly mentions multiple complaints made to the agency's OIG and IAD, is sufficient to show that the appellant exhausted these protected activities with OSC. IAF, Tab 8 at 129-30; *see Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11.

The appellant also argues on review that the administrative judge erred in finding that he did not have a reasonable belief in a category of wrongdoing under section 2302(b)(8)(A) regarding his colleague's unauthorized absences or the agency's hiring fraud. PFR File, Tab 1 at 11-13. However, the appellant merely recites evidence presented below, which the administrative judge expressly considered. ID at 13-19. We find that the appellant's mere reargument of issues already raised and properly resolved by the administrative judge does not establish a basis for review. *See Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987). In any event, because the appellant's allegedly protected disclosures under section 2302(b)(8)(A) were made around the same time, to the same individuals, and concerned the same subject matter as his protected activity described above, we find any error to be immaterial.[5]

---

[4] The appellant also referenced, in his emails to agency officials, additional complaints that he allegedly made to the OIG concerning hiring fraud and whistleblower retaliation. *See, e.g.*, IAF, Tab 8 at 13 (disclosures #12, 13, 16, 22), 272, 278-79, 314-15.

[5] The appellant also argues on review that the administrative judge "cut-off" the testimony of one of his witnesses at the hearing, PFR File, Tab 1 at 14-15; however, we

<u>Because the appellant has not shown a material error in the administrative judge's alternative findings, we affirm the initial decision.</u>

Assuming arguendo that the appellant made protected disclosures or engaged in protected activity, the administrative judge presented alternative findings concerning the 16 retaliatory personnel actions alleged by the appellant. ID at 34-40; *see* IAF, Tab 8 at 19-23. On review, the appellant appears to challenge only the administrative judge's findings with respect to alleged personnel actions 1, 9, 10, and 15. PFR File, Tabs 1, 4; *see* IAF, Tab 8 at 19-23. We find his arguments unpersuasive.

Concerning personnel action 1, i.e., his management-directed reassignment in March 2018, the appellant challenges the administrative judge's conclusion that the agency proved by clear and convincing evidence that it would have taken the same personnel action absent his protected disclosures or activities. PFR File, Tab 1 at 13, Tab 4 at 11-12; ID at 34-36. Specifically, he argues that the administrative judge made erroneous findings of fact in concluding that the first *Carr* factor, which concerns the strength of the agency's evidence in support of its action, favored the agency, and he highlights some aspects of his testimony at the hearing. PFR File, Tab 1 at 13, Tab 4 at 11-12; ID at 34-36; *see Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). Given the administrative judge's finding that the appellant did not prove that he made a protected disclosure or engaged in protected activity, she should not have determined whether the agency proved by clear and convincing evidence that it would have taken the same action in the absence of such a disclosure or activity. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015), *disagreed with on other grounds by Delgado v. Merit Systems Protection Board*, 880 F.3d 913 (7th Cir. 2018). However, in light of our determination that the appellant proved that he

find no abuse of discretion in her control of the hearing proceedings, IAF, Tab 45-6, HR (testimony of the former Associate Director of the Emergency Communications Division).

engaged in protected activity before the agency took this personnel action, that error was harmless, and we agree with the administrative judge's alternative findings, which were based on well-reasoned credibility determinations, and in which she credited the testimony of the responsible agency official regarding his reasons for reassigning the appellant and discredited the appellant's testimony to the contrary. ID at 34-35; *see* IAF, Tab 10 at 72-74, Tab 44-4, HR (testimony of the appellant), Tab 45-1, HR (testimony of Deputy Assistant Secretary, Office of Cybersecurity and Communications). The Board will defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find that the appellant's mere disagreement with the administrative judge's credibility determinations and findings of fact does not provide a basis for granting review. *See Diggs v. Department of Housing and Urban Development*, 114 M.S.P.R. 464, ¶ 8 (2010).

Alleged personnel actions 9 and 10 concern the agency's alleged actions in September 2020 of relieving the appellant of his leadership role on a project called Cybersecurity Concept of Operations (CONOPS) within the Emergency Communications Division (ECD), and excluding him from all CONOPS meetings, respectively. IAF, Tab 8 at 21. The administrative judge found that the alleged actions did not appear to have caused a "significant change" in his duties, responsibilities, or working conditions. ID at 37 (*citing Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16). On review, the appellant argues that "clearly, not being able to attend ECD meetings . . . prevented [him] from effectively performing his tasks." PFR File, Tab 1 at 10. However, as we explained in *Skarada*, an appellant "must provide sufficient information and evidence to allow the Board to determine whether the agency's alleged actions were 'significant.'" *Skarada*, 2022 MSPB 17, ¶ 23. Only agency actions that,

individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities and are likely to have a chilling effect on whistleblowing or otherwise undermine the merit system will be found to constitute a covered personnel action under section 2302(a)(2)(A)(xii). *Id.* Here, we agree with administrative judge that the appellant has not proven that the removal of his CONOPS duties had practical and significant effects on the overall nature and quality of his work. Moreover, as the ECD Assistant Director testified that the CONOPS project had naturally concluded at the end of the fiscal year and was not continued the following year—with or without the appellant—this does not appear to be the type of agency action that is likely to have a chilling effect on whistleblowing or otherwise undermine the merit system. IAF, Tab 45-2, HR (testimony of the ECD Assistant Director); *see Skarada*, 2022 MSPB 17, ¶ 23.

Lastly, personnel action 15 constitutes an Anti-Harassment Unit (AHU) complaint filed against the appellant by the agency official accused by him of hiring fraud. IAF, Tab 8 at 22; *see* IAF Tab 10 at 123, Tab 33 at 122-25. A retaliatory investigation, either on its own or as part of a broader set of circumstances, may qualify as a personnel action if it rises to the level of a "significant change in . . . working conditions." *Sistek v. Department of Veterans Affairs*, 955 F.3d 948, 955 (Fed. Cir. 2020). The administrative judge correctly found no evidence that the investigation resulted in any change in working conditions and that, therefore, the AHU compliant was not a personnel action within the meaning of the WPEA. ID at 39. On review, the appellant reraises the AHU complaint but does not identify any error in the administrative judge's finding. PFR File, Tab 1 at 14. Moreover, the appellant has not alleged or shown that the investigation was so closely related to a resulting personnel action that it could have been a pretext for gathering evidence to retaliate against him. *See Young v. Department of Homeland Security*, 2024 MSPB 18, ¶¶ 14-16. Thus, we need not address this allegation further.

As mentioned above, the appellant has not raised any arguments on review regarding the administrative judge's findings as to the remaining personnel actions, and we see no reason to disturb them. ID at 37-40; *see generally* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review."). Accordingly, we affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[7]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.